IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MARTLE and<br>DION KENDELL BROWN | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 02-5177 |
| DARIUS ARCHIBALD,<br>NICHOLAS KEMPF, SR. and<br>U.S. POSTAL SERVICE | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

AND NOW on this _____ day of _____, 2002, it is hereby ORDERED that defendants, Nicholas Kempf,. Sr. and the U.S. Postal Service, are dismissed as defendants pursuant to 28 U.S.C. § 2671(a).  The United States is the only proper defendant in a Federal Tort Claims Act case.  The Clerk is directed to correct the official caption to read: <u>Anthony Martle and Dion Kendell Brown v. Darius Archibald and the United States of America</u>.

IN ADDITION, it is hereby further ORDERED that, because plaintiffs filed suit prior to the denial of their administrative claim by the agency or the expiration of the statutory six month period for resolving Federal Tort Claims Act disputes, plaintiffs' complaint is dismissed without prejudice for lack of subject matter jurisdiction.

BY THE COURT:

_____
Honorable Harvey Bartle, III
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MARTLE and <br> DION KENDELL BROWN | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| | : Civil Action No. 02-5177 |
| DARIUS ARCHIBALD, <br> NICHOLAS KEMPF, SR. and <br> U.S. POSTAL SERVICE | : <br> : <br> : <br> : |
| Defendants. | : |

**MOTION TO DISMISS OF NICHOLAS KEMPF, SR. AND U.S. POSTAL SERVICE**

Defendants Nicholas Kempf, Sr. and the U.S. Postal Service respectfully request that the complaint against them be dismissed, and that the United States of America be named as the defendant in their place. Moreover, because plaintiffs filed suit prior to the denial of their administrative claim by the agency or the expiration of the statutory six month period for resolving Federal Tort Claims Act disputes, this Court has no subject matter jurisdiction to entertain this action. The basis for this motion is set forth in the accompanying Memorandum of Law.

-1-

Respectfully submitted,

PATRICK L. MEEHAN
UNITED STATES ATTORNEY

_____
JAMES SHEEHAN
CHIEF, CIVIL DIVISION

_____
NURIYE C. UYGUR
Assistant U.S. Attorney

2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MARTLE and<br>DION KENDELL BROWN | :<br>: | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 02-5177 |
| DARIUS ARCHIBALD, | : | |
| NICHOLAS KEMPF, SR. and | : | |
| U.S. POSTAL SERVICE | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO DISMISS OF NICHOLAS KEMPF, SR. AND U.S. POSTAL SERVICE**

**I.   INTRODUCTION**

Plaintiffs Anthony Martle and Dion Kendell Brown filed the above-captioned action on July 3, 2002. Plaintiffs named three defendants in the complaint: first, Darius Archibald, the driver of the automobile in which the plaintiffs were traveling; second, Nicholas Kempf, Sr., an employee of the U.S. Postal Service acting within the scope of his employment; and third, the U.S. Postal Service. Plaintiffs allege that Nicholas Kempf, Sr. and the U.S. Postal Service are "solely liable and/or jointly and severally liable to plaintiff[s]" based upon a negligence theory. The law is clear that this action may only proceed against the United States of America and its agencies and institutions through the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2679 ("FTCA").

The FTCA dictates that plaintiffs complaint must be dismissed on the following grounds. First, federal employees acting within the scope of their employment with the Federal government when an alleged tort occurs are not proper defendants in a FTCA case. Likewise, agencies of the United States are not proper defendants. These defendants must be dismissed and the United States of America named as a defendant in their place. Second, because plaintiffs filed this action before the six month period for resolution of their administrative claim at the agency or the denial of their claim by the agency, the complaint must be dismissed without prejudice.

## II. Nicholas Kempf, Sr. and U.S. Postal Service Must Be Dismissed As Defendants

Plaintiffs instituted this civil action alleging tort claims against Nicholas Kempf, Sr. and the U.S. Postal Service. Lawsuits against the United States for money damages are barred by the doctrine of sovereign immunity, except to the extent that the United States explicitly waives its sovereign immunity and consents to be sued. United States v. Testan, 424 U.S. 392, 400 (1976). It is axiomatic that the sovereign cannot be sued without its consent to be sued, United States v. Sherwood, 312 U.S. 584 (1941). It is also clear that the express terms of any such consent by the United States to be sued define and limit a Federal court's jurisdiction to entertain such suit. See United States v. Testan, 424 U.S. at 392.

The exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and/or its employees acting within the scope of their employment, is the FTCA, which is codified at 28 U.S.C. § 2671 et. seq.; Thomason v. Sanchez, 398 F. Supp. 500 (D.N.J. 1975), aff'd, 539 F.2d 955 (3rd Cir. 1976); Castro v. United States, 34 F.3d 106 (2nd Cir. 1994); J.D. Pflaumer v. United States Department of Justice, 450 F. Supp. 1125, 1132 n.11

4

(E.D. Pa. 1978). The express terms of the FTCA define and limit a Federal court's jurisdiction to entertain tort actions against the United States and its agencies or employees, and the Federal court's jurisdiction is restricted to the terms enunciated in the FTCA. As the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required. <u>Livera v. First National Bank</u>, 879 F.2d 1186, 1194 (3d Cir. 1989). Because the sovereign's consent to a waiver of its immunity must be narrowly construed, a plaintiff must file any actions under the FTCA in exact compliance with its terms. <u>Bialowas v. United States</u>, 443 F.2d 1047 (3d Cir. 1971); <u>Ross v. Runyon</u>, 858 F. Supp. 630 (S.D. Tex. 1994).

Section 2679(b)(1) of Title 28 of the United States Code, as amended by The Federal Employees Liability Reform and Tort Compensation Action of 1988 (Public Law 100-694), provides that the FTCA is the exclusive remedy for such claims. The FTCA, 28 U.S.C. §§ 1346(b), 2671 <u>et</u>. <u>seq</u>., sets forth a limited waiver of sovereign immunity by authorizing tort actions against the United States of America for the tortious acts of its agencies and/or their employees. The Act provides that:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. §2679(a). This means that, although the U.S. Postal Service may be named as a party to certain types of lawsuits, the FTCA is the exclusive remedy for tort actions. The FTCA directs that the filing of tort claims be solely against the United States of America. Consequently, the U.S. Postal Service is not a proper defendant to this lawsuit. Moreover, plaintiffs may not bring an action under the FTCA against a federal employee acting within the scope of his or her

-5-

employment <u>United States v. Smith</u>, 499 U.S. 160 (1991).  Nicholas Kempf, Sr. was the driver of a Government vehicle involved in the subject collision and he was acting within the scope of his employment at all times relevant to this incident.  Exhibit 1 (Declaration of Helen J.S. White).  Therefore, he is not a proper defendant to this lawsuit.  Accordingly, Nicholas Kempf, Sr. and the United States Postal Service must be dismissed as defendants and the United States of America substituted as the sole Federal defendant.   The caption of this action should read: <u>Anthony Martle and Dion Kendell Brown v. Darius Archibald and the United States of America</u>.

**III.  Plaintiffs' Complaint Was Prematurely Filed; Therefore, the Court Lacks Jurisdiction**

As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied.  Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

<u>Id</u>.  The requirement of administrative review and compliance with the claim procedure prescribed in 28 U.S.C. § 2675 is jurisdictional and cannot be waived.  <u>McNeil v. United States</u>, 508 U.S. 106 (1993); <u>Jerves v. U.S.</u>, 966 F.2d 517, 519 (9th Cir. 1992); <u>United States v.</u>

6

Burzynski Cancer Research Institute, 819 F.2d 1301, 1306 (5th Cir. 1987); Garrett v. United States, 640 F.2d 24, 25 (6th Cir. 1981); Bialowas, 443 F.2d at 1047.

  Once a proper administrative claim is presented to an agency, that agency has six months in which to make final disposition of the claim before the claimant has any right to institute an action that is premised upon the claim. Further, if a claimant institutes an action in Federal court without allowing the six month administrative period to expire, such Federal court does not have jurisdiction to adjudicate that action. McNeil v. United States, 508 U.S. at 111; Jerves, 966 F.2d at 519; Plyler, 900 F.2d at 42.

  The jurisdictional defect that results when a premature civil action is filed before the appropriate agency had six months to adjudicate the administrative claim cannot be cured absent the filing of a fresh civil action, nor can the suit be stayed pending expiration of the administrative review period. McNeil v. United States, 508 U.S. at 111-112; Jerves v. United States, 966 F.2d at 521; Plyler v. United States, 900 F.2d at 42.

  Plaintiffs Anthony Martle and Dion Kendell Brown each presented administrative tort claims to the U.S. Postal Service on May 15, 2002. Exhibit 2 & 3. Plaintiffs filed this lawsuit on July 3, 2002 - less than two months after their administrative claims were filed. Plaintiffs could not deem their claims denied pursuant to the provisions of 28 U.S.C. § 2675(a) prior to November 15, 2002, and could not otherwise file suit prior to denial of the claim by the U.S. Postal Service. While plaintiffs have presented administrative claims to the agency as required by the FTCA, they failed to give the U.S. Postal Service the established statutory period to attempt to resolve or otherwise consider their claims prior to instituting the present lawsuit. See 28 U.S.C. § 2675; 39 C.F.R § 912.5(b). As the case law cited above makes clear, because the present action was filed on or about July 3, 2002, before denial of the claim or the expiration

of the statutory six month administrative period, this Court does not have subject matter jurisdiction to entertain this matter. For this reason, the action must be dismissed without prejudice.

8

IV.     **CONCLUSION**

      Nicholas Kempf, Sr. and the United States Postal Service must be dismissed as defendants and the United States of America substituted as the sole Federal defendant. The caption of this action should read: <u>Anthony Martle and Dion Kendell Brown v. Darius Archibald and the United States of America</u>. In addition, plaintiffs failed to exhaust their administrative remedies before commencing this action. Accordingly, this Court lacks subject matter jurisdiction over his claim, and the Complaint must be dismissed as a matter of law.

      Respectfully submitted,

      PATRICK L. MEEHAN
      UNITED STATES ATTORNEY


      _____
      JAMES SHEEHAN
      CHIEF, CIVIL DIVISION


      _____
      NURIYE C. UYGUR
      Assistant U.S. Attorney
      Eastern District of Pennsylvania
      615 Chestnut Street, Suite 1250
      Philadelphia, PA  19106-4476
      (215) 861-8324

September 16, 2002

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within MOTION TO DISMISS has been served this day, September 16, 2002, by first class mail, postage prepaid, upon the following:

>SAMUEL FISHMAN, ESQUIRE
>1422 Chestnut Street
>Suite 701
>Philadelphia, PA 19102

_____
NURIYE C. UYGUR
Assistant United States Attorney

10